———o———

No. 4674.

Court of Appeal, Parish of Orleans.

MRS. LOUISA CRAWFORD VS. A. S. SWANSON.

Where there was an agreement to sell real property, the act to be

passed as soon as the seller would perfect title to himself and he, the seller, permits nearly twelve months to elapse without making a serious effort to convey title to his vendee, the latter will be entitld to the return of the deposit made to bind the sale as well as to the reimbursement of money expended for improvements to the property made at the instance of the vendor.

Appeal from the Civil District Court, Division "D."

Woodville & Woodville, for Plaintiff and Appellee.

A. D. Danziger, for Defendant and Appellant.

ESTOPINAL, J. On August 29, 1909, the defendant signed the following document:

"Received from Mrs. Widow Ann Burge, widow of the late Theodore A. Crawford, One Hundred Dollars cash as forfeit and deposit to bind the sale of the property known as No. 7728 Olive Street, for the agreed price and sum of Eight Hundred Dollars cash, and pay State taxes for 1907. Act of sale before Felix J. Dreyfous, Notary Public."

This suit was instituted by the plaintiff on August 18, 1908, about a year after the agreement to sell and the making of the deposit, and she now claims of the defendant the return of the deposit of One Hundred Dollars ($100.00), said sum being the cost of certain improvements which she made on the property, and the sum of Five Hundred Dollars ($500.00) for the worry, annoyance and inconvenience which she has suffered as a result of the alleged wrongful actions of the defendant, and she claims a further sum of Two Hundred and Twenty Dollars ($220.00) damages for the deprivation to her of the comforts and conveniences which she would have enjoyed had not her tenure of the property been so uncertain, all caused by the misrepresentation of defendant, etc.

The case was tried by a jury and the verdict of the jury was in favor of the plaintiff for Four Hundred and Sixty-one Dollars and Forty-five Cents ($465.45), with legal interest on One Hundred Dollars ($100.00), from judicial demand, and like interest on Three Hundred and Sixty-one Dollars and Forty-five Cents (361.45), from date of judgment.

From this judgment the defendant has appealed, and the plaintiff has answered the appeal asking that the judgmnet in her favor be increased to the full amount prayed for in her petition.

Our examination of the record satisfies us that the plaintiff has made out her case on what we might term the *material allegations* and claims in her petition as differentiated from the allegations upon which are based her demands for damages, for worry and annoyance and those of deprivation of comforts and conveniences.

The testimony when threshed out shows the following state of affairs:

During the month of August, 1907, Swanson agreed to sell to Mrs. Crawford a piece of improved property, No. 7728 Olive Street, for the sum of Eight Hundred Dollars ($800.00), and accepted from her the sum of One Hundred Dollars ($100.00) to bind the sale. Swanson had some time before sold the same property to a Mrs. Mary Ann Heffner Wesner, for Five Hundred and Fifty Dollars ($550.00), receiving One Hundred Dollars ($100.00) in cash, and for the balance, certain notes secured by mortgage and vendor's lien. Before the maturity of the notes Louis Wesner, husband of Mrs. Wesner, died, and when the notes matured Mrs. Wesner was unable to pay them; it appears that Mrs. Wesner, in order to be rid of this obligation, agreed to a private sale of the property back to Swanson. This sale, on the advice of Mr. Felix J. Dreyfous, a highly reputable notary of this city, was not made, the notary urging that the interest of the minors could not be divested by such a sale. It was subsequent to this that Swanson offered to sell the property to Mrs. Crawford. It was Swanson who drew up and signed the agreement to sell, in which document Mr. Felix J. Dreyfous is named as the notary before whom the act of sale should be passed.

This circumstance, in our opinion, acquits Swanson of any charge of trickery or intention to misrepresent. Dreyfous was the notary who had advised in reference to the sale from Mrs. Wesner back to Swanson, and was familiar with the entire situation touching this property.

There does not appear to have been any intention on defendant's part to deceive Mrs. Crawford. We are satisfied from the testimony that she was made aware of the status of the property; that, true it was not then in the name of Swanson, and he could not therefore convey title, yet the notes secured by mortgage and vendor's lien, were past due and he would, in the course of time recover ownership and then make title to Mrs. Crawford. Mrs. Crawford knew all this, and though anxious to close the matter,

appears to have consented to wait until the matter was straightened out. She was not bound, however, to wait indefinitely. Swanson was in good faith, but was entirely too slow in perfecting, if he could, the title to himself so that he might convey a clear title to the plaintiff, Mrs. Crawford.

Mrs. Crawford knowing that the title to the property was not in her, proceeded to make permanent repairs to it. Swanson had told her to make these repairs. This shows that Mrs. Crawford had consented to wait, and expected title to be made to her when it was possible. She was never disturbed in her possession. Had she chosen to wait longer she might today be in possession as owner.

Swanson finally, after the lapse of more than one year from the date of the agreement to sell, has recovered the property by the institution of foreclosure proceedings.

We do not think that plaintiff should be made to take the property. She has made, upon the advice and representation of the defendant, improvements and additions to the property, the cost of which the defendant must reimburse her.

There is nothing in the evidence to show that the plaintiff has suffered such worry, annoyance, inconvenience, discomfort and sickness which would justify us in allowing damages. That plaintiff is old and a woman, can be no reason why she should be given damages, when it is shown that she was in the hands of an honest and able notary, and was made familiar with the exact status of affairs. Her fears that she would lose her money, etc.. were groundless. Her acts throughout were voluntary, and her social relations throughout with defendant were cordial. This is not the usual demeanor of a wronged woman toward the person who has aggrieved her.

Plaintiff is unquestionably entitled to the return of the deposit money and of the money expended for repairs on the advice of the defendant, but damages, though allowable for mental anguish, worry and tribulation, cannot be allowed in this case. None are here shown.

It is unnecessary to pursue the discussion further.

The judgment appealed from is amended by reducing the same from Four Hundred and Sixty-one Dollars and Forty-five Cents ($461.45), to Two Hundred and Sixty-one Dollars and Forty-five Cents ($261.45), with legal interest on One Hundred

Dollars ($100.00), from judicial demand, and like interest on One Hundred and Sixty-one Dollars and Forty-five Cents ($161.45) from date of judgment, and as thus amended it is affirmed.

May 31, 1909.